JJ:SA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M-10-1113

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DION NELSON,
    also known as "Booquan,"

            Defendant.

- - - - - - - - - - - - - - - - -X

SUBMITTED UNDER SEAL

COMPLAINT & AFFIDAVIT IN
SUPPORT OF ARREST WARRANT

(T. 18, U.S.C., §§
922(g)(1), 924(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

Detective George Boan, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") currently assigned to the Organized Crime Drug Enforcement Administration ("DEA") Strike Force ("Strike Force"), duly appointed according to law and acting as such.

Upon information and belief, on or about September 18, 2009, within the Eastern District of New York, the defendant DION NELSON, also known as "Booquan," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, in violation of Title 18, United States Code, Section 922(g)(1), to wit: a 9 millimeter Beretta semi-automatic handgun.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2))

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. I have been a Detective with the NYPD for approximately 14 years. I have extensive experience investigating street gangs, violent crimes, narcotics trafficking, and other violations of state and federal law.

2. As a result of my personal participation in this investigation and analysis of information provided to me by the DEA, the Richmond County District Attorney's Office, New York State Division of Parole, and other federal, state and local law enforcement personnel, I am familiar with the facts set forth below. All of the statements set forth below are provided only in part and in sum and substance.

## BACKGROUND

3. At all times relevant to this complaint, the DEA, Immigration and Customs Enforcement ("ICE"), the Federal Bureau of Investigation ("FBI") and the NYPD have been investigating a number of targets operating, in part, in and around the North Shore of Staten Island, who have been involved in various crimes including conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846, the unlawful use and/or possession of firearms, in violation of Title 18, United

---

[1/] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

2

States Code, Sections 924(c) and 922(g), the commission of violent crimes in aid of racketeering, in violation of Title 18, United States Code, Section 1959, and racketeering, in violation of Title 18, United States Code, Section 1962(c).

4. During the course of this investigation, the DEA, ICE, the FBI and the NYPD learned of narcotics trafficking and narcotics and gang-related violence occurring in and around the Mariners Harbor and Arlington neighborhoods on the North Shore of Staten Island.

5. During the course of this investigation, law enforcement learned of the execution of a search warrant by the NYPD at an apartment in the Arlington Terrace Apartments suspected to be a stash house utilized by NELSON and his associates. Specifically, on September 18, 2009, officers from the NYPD executed a search warrant of Apartment 9K in 55 Holland Avenue, Staten Island New York. The search warrant was issued on September 11, 2009, by the Honorable Catherine Didomenico of the Supreme Court of the State of New York, County of Richmond: Criminal Term.

6. During the execution of the search, the NYPD recovered, among other things, (1) multiple boxes of various types of ammunition including ammunition used for .38, .380, .357, .45, and .25 caliber firearms, (2) two bullet proof vests, (3) numerous empty ziplock bags, (4) multiple ziplock bags

containing suspected marijuana, (5) multiple bags containing suspected cocaine and crack-cocaine, (6) a loaded .45 caliber Ruger semi-automatic handgun, (7) a loaded 9 millimeter Glock semiautomatic handgun, (8) a loaded Ruger .357 magnum handgun, (9) a loaded 9 millimeter Beretta semi-automatic handgun, and (10) multiple spent shell casings for .357, 9 millimeter and .45 caliber firearms.

7. A color photograph of the loaded 9 millimeter Beretta semi-automatic handgun and the a loaded 9 millimeter Glock (taken on the day of the search on a shelf inside of Apartment 9K) is attached hereto.

8. Pursuant to the search the NYPD also swabbed a number of the items recovered above to detect for the presence of DNA. The DNA swabs were vouchered by the NYPD and submitted to the New York City Office of the Chief Medical Examiner ("OCME") for testing to identify for the presence of DNA.

9. Specifically, with respect to the 9 millimeter Beretta semi-automatic handgun, the NYPD submitted swabs of the weapon's (a) trigger, (b) grips, and (c) back strap. I have been advised by the OCME, that multiple swabs from the loaded 9 millimeter Beretta semi-automatic handgun tested positive for the presence of DNA.

10. Based on additional information obtained during the investigation, the United States Attorney's Office for the

4

Eastern District of New York requested that the OCME compare the DNA recovered from the swabs off the 9 millimeter Beretta semi-automatic handgun to known samples of DNA previously recovered from NELSON. The OCME has completed that testing and has advised that "DNA alleles from the suspect, DION NELSON, are included in the mixture of DNA from the swabs" of the 9 millimeter Beretta semi-automatic handgun, indicating that NELSON possessed the 9 millimeter Beretta semi-automatic handgun or about September 18, 2009.

11.  Based on my knowledge and experience in handling firearms and discussions with other members of law enforcement, I know that the 9 millimeter Beretta semi-automatic handgun in question was manufactured outside of the state of New York.

12.  Based on a review of reports related to NELSON's prior criminal history, I also know that NELSON was convicted of the following: (1) on June 10, 1999, criminal possession of a loaded firearm in the third degree, a class D felony, (2) on November 6, 1998, of attempted criminal possession of a weapon in the fourth degree, a class B misdemeanor, and (3) on November 18, 1997, attempted criminal possession of a controlled substance in the fifth degree, a class E felony.  I also know that on June 22, 1993, NELSON was adjudicated a juvenile delinquent for robbery in the second degree, a class C felony.

WHEREFORE, your deponent respectfully requests that the defendant DION NELSON, also known as "Booquan," be dealt with according to law.

GEORGE BOAN
Detective
New York City Police Department

Sworn to before me this
23rd day of September, 2010.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6

