UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DION NELSON,

                    Petitioner,            **ORDER**

      -against-                        16-CV-5339 (NGG)

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

      -against-                        10-CR-820 (NGG)

DION NELSON,

                    Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 20, 2016, Petitioner Dion Nelson moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Mot. to Vacate (Dkt. 192).)[1] On September 29, 2016, the court ordered that the Government respond to Petitioner's motion by November 28, 2016. (Order to Show Cause (Dkt. 192).) The Government failed to respond. On December 9, 2016, Petitioner requested that the court rule the Government has "defaulted [its] opportunity to contest the merits of [his Motion]." (Not. of Gov't's Default (Dkt. 199) at 2.) On December 13, 2016, the Government sought an extension of time to respond to Petitioner's Motion, noting that it "inadvertently failed to timely respond or request an extension of time to file its response." (Gov't's Ltr. (Dkt. 200) at 1.) The Government further explained that an extension "is necessary . . . to gather the materials from its files in order to provide a more detailed response to the

---

[1] All record citations in this Order refer to documents filed in No. 10-CR-820.

1

motion and given the scheduling commitments of the undersigned Assistant U.S. Attorney." (Id.)

The Second Circuit expressed on numerous occasions that litigation disputes should generally be resolved on the merits, rather than by default. Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). Courts should not use default to dispose of a case except in "extreme situations." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994); see also Perkins v. Connecticut, No. 3:11-CV-870, 2012 WL 4056728 (D. Conn. Sept. 13, 2012) (granting respondent an extension of time nunc pro tunc to respond to a habeas petition despite petitioner's request for default). Accordingly, the court GRANTS nunc pro tunc the Government's request for an extension of time to respond to Petitioner's Motion. Petitioner's request for a notice of default is DENIED.

No later than April 14, 2017, the Government shall serve a copy of its response on Petitioner and file the original, with proof of service, with the Clerk of Court. The court notes the Government's requested extension would give it over six months to respond to Petitioner's thirteen-page memorandum of law originally filed on September 20, 2016. The court thus encourages the Government to file its response expeditiously in the interest of justice.

If Petitioner wishes to reply to the Government's response, he must file his reply with the Clerk of Court within twenty-one (21) days of receipt of the response.

The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
December 19, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2