UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA

-against-

DION NELSON,

                          Defendant.
_____

**MEMORANDUM & ORDER**
**10-CR-0820 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court GRANTS Defendant Dion Nelson's consent motion for early termination of his supervised release. (Def.'s Mot. for Early Term. ("Mot.") (Dkt. 281).)

18 U.S.C. § 3583(e)(1) provides that a court may, after considering the factors listed under § 3553(a), terminate a term of supervised release previously ordered and discharge the defendant if he has demonstrated "that such action is warranted by [his] conduct" and is in "the interest of justice." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (per curiam); *see* 18 U.S.C. § 3583(e)(1). Like a matryoshka doll, one of those factors cross references a set of subfactors set forth in the updated policy commentary to the United States Sentencing Guidelines. [1] *See*

_____

[1] The court acknowledges that 18 U.S.C. § 3553(a)(5) only instructs it to consider a policy statement that "is in effect on the date the defendant is sentenced." Nelson was resentenced by this court over three years earlier, on May 10, 2022. (*See* Mem. & Order Granting Sentence Reduction at 14.) Consequently, one could argue that the court should not consider the § 5D1.4 policy statement, which the Sentencing Commission adopted on November 1, 2025. Courts in this district, however, apply the § 5D1.4 policy statement even if the defendant had been sentenced prior to November 1, 2025. *See, e.g., United States v. Badoolah*, No. 12-CR-0774 (KAM), 2026 WL 1045607, at *3-4 (E.D.N.Y. Apr. 17, 2026); *United States v. Morgan*, No. 24-CR-0371 (FB), --- F. Supp. 3d ---, 2026 WL 391890, at *2-3 (E.D.N.Y. Feb. 12, 2026). A plain textual reading of § 3553(a)(5)(ii) comports with that result. It references "the date the defendant *is* sentenced."

18 U.S.C. § 3553(a)(5); U.S.S.G. § 5D1.4, cmt. 1(B) (policy statement). A district court "is not required to discuss each and every sentencing factor in exercising its discretion." *United States v. Torres*, No. 21-CR-2511, 2022 WL 17087048, at *3 (2d Cir. 2022) (summary order) (citing *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013)). "A statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003).

The court has considered the § 3553(a) factors and determines that they counsel in favor of early termination. Although the nature and circumstances of Nelson's offense were particularly serious, Nelson has had a history of full compliance and exemplary conduct upon his release. *See* 18 U.S.C. § 3553(a)(1). Further, the court has already recognized that the time that he already spent incarcerated "both punished Nelson and deterred him from future unlawful conduct." (Mem. & Order Granting Sentence Reduction (Dkt. 277) at 12); *see* 18 U.S.C. § 3553(a)(2)(A)-(B). And the public faces little risk from the court terminating his supervision because Nelson has severed ties with past negative influences and "built a robust professional and personal foundation." (Mot. at 5); *see* 18 U.S.C. § 3553(a)(2)(C).

The court also agrees that the U.S.S.G. § 5D1.4 factors counsel in favor of early termination. *See* § 3553(a)(5). Nelson has been on supervised release for almost four years and has not had a single court-reported violation. U.S.S.G. § 5D1.4, cmt. 1(B)(i); (Mot. at 3-4). Similarly, he has substantially complied with all conditions of his supervision. U.S.S.G. § 5D1.4, cmt. 1(B)(iii); (Mot. at 4). Nelson has also shown an ability to lawfully self-manage.

---

18 U.S.C. § 3553(a)(5)(ii) (emphasis added). Congress utilizing "is" in the present tense confirms that the "sentenc[ing]" at issue is the court's present determination whether to modify the old sentence, not its past determination to impose that old sentence. *See id.* Thus, the court considers the § 5D1.4 policy statement in this case.

U.S.S.G. § 5D1.4, cmt. 1(B)(ii); (Mot. at 4). He currently works full-time, maintains his own apartment and car, and successfully manages his daily responsibilities as a provider and father. (Mot. at 2.) In addition, he is actively planning for long-term stability by budgeting with his partner, and looking forward to purchasing a home. (Mot. at 4.) Nelson has also taken positive and prosocial steps since his release. U.S.S.G. § 5D1.4, cmt. 1(B)(iv); (Mot. at 4-5; Govt.'s Resp. ("Resp.") (Dkt. 283) at 2.) These include serving as a youth development specialist with the New York City Administration for Children's Services and as a community outreach volunteer in Staten Island. (Mot. at 2, 5; Resp. at 2.) Nelson has also maintained a low risk level over the period of supervision. U.S.S.G. § 5D1.4, cmt. 1(B)(v); (Mot. at 5). Finally, Nelson has demonstrated that early termination will not jeopardize public safety. U.S.S.G. § 5D1.4, cmt. 1(B)(vi). Nelson actively works to protect his community through his mediation work and anti-violence activism. (Mot. at 5.) Further, his family, employer, and parole officer have all noted that continued supervision is not necessary as a public safety measure. (*Id.*)

Nelson's probation officer, Ryan Lehr, who is most closely involved in his progress and supervision, also supports early termination. (Mot. at 1-2; Resp. at 2.) In supporting Nelson's Motion, Officer Lehr stated that Nelson's conduct and compliance over the last four years have been "exceptional, exceeding the rehabilitation of any other individual that [he] has supervised during his two decades of service." (Resp. at 2.)

3

For the foregoing reasons, the court GRANTS Nelson's motion for early termination of supervised release.

SO ORDERED.


Dated:    Brooklyn, New York
          April 23, 2026

                                        s/Nicholas G. Garaufis
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

4